(R.D. 11591)

Williams, Clarke Company et al. *v.* United States

Entry No. 64833, etc.

(Decided November 7, 1968)

*Barnes, Richardson & Colburn* and *Walter E. Doherty, Jr.*, for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Rao, Chief Judge: The appeals for reappraisement enumerated in schedule "A", attached hereto and made a part hereof, have been submitted for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the record previously made herein may be deleted and expunged.

2. That this stipulation is limited to fiberglass-hull pleasure boats exported from the Netherlands, and that appeal R64/5570 is abandoned with regard to the boat exported from Denmark covered by invoice No. 2 therein.

3. That the involved merchandise was entered or withdrawn from warehouse for consumption after the effective date of section 6(a) of the Customs Simplification Act of 1956.

4. That the said merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant to the said Customs Simplification Act (T.D. 54521).

5. That the boats here involved were appraised under constructed value, as defined in section 402(d), Tariff Act of 1930 as amended.

6. That neither party challenges the said basis of appraisement.

7. That the proper constructed value for each of the involved boats is as stated in Schedule "B" hereto attached and made a part hereof.

8. That the above entitled appeals may be submitted for decision upon this stipulation.

On the agreed facts, I fifind and hold that constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the fiberglass-hull pleasure boats exported from the Netherlands and covered by these appeals, and that the said value for each of such boats is as stated in schedule "B", attached hereto and made a part hereof.

Appeal No. R64/5570, having been abandoned with regard to the boat exported from Denmark covered by invoice No. 2 therein, is to that extent dismissed.

Judgment will be entered accordingly.